# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY DENNISON,<br>Plaintiff,<br><br>v.<br><br>KRGP, INC. et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:18-cv-2479-S |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants KRGP, Inc., Kroger Co., and Kroger Texas LP's ("Defendants") Motion to Dismiss [ECF No. 15]. For the reasons stated below, the Motion is granted without prejudice.

### I.  BACKGROUND

This action arises out of Plaintiff Randy Dennison's ("Plaintiff") employment with Defendants as a store manager. First Am. Compl. ¶ 1. After working for Defendants for 38 years, Plaintiff was allegedly fired for failing to meet performance standards. *See id.* ¶¶ 1, 14-22. Plaintiff alleges that Defendants discriminated against Plaintiff on the basis of his age because (1) a female employee of unspecified age who replaced Plaintiff was less experienced; (2) Defendants treated several younger store managers more favorably but in unspecified ways; (3) the individuals who terminated Plaintiff were in their 40s; (4) the termination of employment letter did not comply with the requirements of the Older Workers Benefit Protection Act ("OWBPA"); and (5) Defendants did not respond to Plaintiff's requests to address his concerns regarding the termination of employment letter. *See id.* ¶¶ 1, 10, 11-13, 15, 16, 22, 24, 26.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs,*

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

> To make out a prima facie case of discriminatory treatment based on age, . . . [Plaintiff is] required to prove: (1) [he is] within the protected class; (2) [he is] qualified for the position; (3) [he] suffered an adverse employment decision; and (4) [he was] replaced by someone younger or treated less favorably than similarly situated younger employees . . . .

*Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003). At the motion to dismiss stage, Plaintiff does "not have to submit evidence to establish a prima facie case of discrimination," but he must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); *see*

3

*also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) ("Because [the plaintiff] has not pled such facts, the district court properly dismissed her complaint."). At the very least, "[P]laintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of . . . [P]laintiff's age." *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012).

Plaintiff alleges that Defendants engaged in age discrimination because (1) Plaintiff's replacement was less experienced; (2) Defendants treated several younger store managers more favorably; (3) the individuals who terminated Plaintiff were in their 40s, whereas Plaintiff is 55; (4) the termination of employment letter did not comply with OWBPA requirements; and (5) Defendants did not respond to Plaintiff's requests to address his concerns regarding the termination of employment letter. *See* First Am. Compl. ¶¶ 1, 10, 15, 16, 22, 24, 26. Viewing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff did not plead sufficient facts to raise a plausible inference of age discrimination.

First, "Plaintiff does not state if he was older or younger than the" female employee who replaced him. *Lacey v. City of Desoto*, Civ. A. No. 3:04-CV-1277, 2005 WL 17656, at *3 (N.D. Tex. Jan. 3, 2005). Plaintiff alleges no more than that the female employee was "less experienced" than Plaintiff.[1] *See* First Am. Compl. ¶¶ 1, 10, 24. Thus, "Plaintiff did not plead sufficient facts to support a claim that [he] was replaced by someone younger or outside the protected class." *Bates v. Kroger Tex., L.P.*, Civ. A. No. H-14-1713, 2015 WL 1640429, at *2 (S.D. Tex. Mar. 31, 2015). Although Plaintiff alleges that Defendants applied "ambiguous and subjective" performance standards to Plaintiff "more harshly" than to younger store managers, Plaintiff does

---

[1] Defendant explains that Plaintiff's replacement is actually older than Plaintiff, but this allegation is not contained in documents the Court can consider on a motion to dismiss. *See Sullivan*, 600 F.3d at 546; *Dorsey*, 540 F.3d at 338; *Cinel*, 15 F.3d at 1343 n.6.

4

not plead any facts in support of this allegation. *See* First Am. Compl. ¶¶ 1, 10, 24, 26. The Complaint is silent as to whether the younger store managers also failed to meet their performance goals, whether the goals were different for them, or any other fact showing that Defendants treated these younger store managers more favorably than Plaintiff. Without more, the Court cannot accept these conclusory allegations. *See Twombly*, 550 U.S. at 555; *Ferrer*, 484 F.3d at 780.

Similarly, the Court finds that Plaintiff has not raised a plausible claim of age discrimination by alleging that the managers and human resources employees involved in Plaintiff's termination were younger than him. *See* First Am. Compl. ¶¶ 2, 10, 16, 18. Although the Court views the Complaint in the light most favorable to Plaintiff, the Court does not accept as true "unwarranted factual inferences." *Ferrer*, 484 F.3d at 780. Plaintiff has not pleaded sufficient facts showing that these individuals were biased against Plaintiff due to his age (*e.g.*, by pleading that these individuals made age-related comments or treated similarly situated, younger employees more favorably than Plaintiff). Accordingly, the Court finds that Plaintiff pleaded insufficient facts to "link the alleged [discrimination] with his [age]," and so did not "raise[] his right to relief 'above the speculative level.'" *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citation omitted) (in context of harassment on basis of race or national origin).

Plaintiff's remaining allegations relate to Defendants' alleged failure to satisfy or cure its noncompliance with the OWBPA. *See* First Am. Compl. ¶¶ 11-13. These allegations, however, would be "germane only [if Defendants sought] to enforce a waiver as a defense to asserted ADEA claims. An inference of discriminatory intent cannot be drawn from [Defendants'] failure to provide information that it was not invariably required to provide." *Oinonen v. TRX, Inc.*, Civ. A. No. 3:09-CV-1450-M, 2010 WL 396112, at *3 (N.D. Tex. Feb. 3, 2010).

Therefore, the Court finds that Defendants' Motion to Dismiss should be granted because Plaintiff did not "plead sufficient facts on all of the ultimate elements of [his] disparate treatment claim." *Meadows*, 731 F. App'x at 318. However, because Plaintiff contends in his Response that he can "plead additional facts to support his age discrimination claim," the Court will permit him to replead. Resp. 10.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss without prejudice. The Court grants Plaintiff's request for leave to amend. Plaintiff must file an amended complaint no later than June 19, 2019.

**SO ORDERED.**

SIGNED May 20, 2019

---
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**